# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ISAAC A. POTTER,

        Plaintiff,

v.                                   Case No:   6:16-cv-817-Orl-41KRS

LINCOLN HERITAGE LIFE
INSURANCE COMPANY, GERBER
LIFE INSURANCE COMPANY, LIFE OF
BOSTON INSURANCE COMPANY,
GERBER PRODUCTS COMPANY,
SHIRLEY GROSSMAN, LARRY
SCHUNEMAN, KORRI BEHLER, ALAN
STACHURA, NESTLE HOLDING INC.
and THE CORPORATION TRUST
COMPANY,

        Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motions filed

herein:

| MOTION: | AMENDED MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915 (Doc. No. 13) |
|---|---|
| FILED: | May 26, 2016 |

| MOTION: | DEFENDANTS' JOINT MOTION FOR MORE DEFINITE STATEMENT AND/OR MOTION TO DISMIS (Doc. No. 14) |
|---|---|
| FILED: | May 31, 2016 |

## I.     BACKGROUND.

On May 13, 2016, Plaintiff Isaac A. Potter filed a complaint against Defendants Lincoln Heritage Insurance Company, Richard S. Maselli, and the Gerber Life/Health Claims Department, asserting common law bad faith claims.   Doc. No. 1.   On that same day, Plaintiff also filed a motion to proceed *in forma pauperis*.   Doc. No. 2.

On May 20, 2016, I issued a report and recommendation ("R&R"), recommending that the Court dismiss Plaintiff's complaint without prejudice based on his failure to plead facts establishing the Court's subject matter jurisdiction.   Doc. No. 8.   I also recommended that the Court terminate the pending *in forma pauperis* motion and grant Plaintiff leave to file an amended complaint if he could cure the jurisdictional defects of the original complaint.   *Id.*

On May 26, 2016, before the Court issued an Order on that Report and Recommendation, Plaintiff filed an amended complaint, Doc. No. 13, and an amended *in forma pauperis* motion, Doc. No. 14.   In his amended complaint, Plaintiff dropped all of the named defendants from his original filing.   Doc. No. 12.   In their place, he asserted his common law bad faith claims against Lincoln Heritage Life Insurance Company ("Lincoln Heritage Life"); Gerber Life Insurance Company ("Gerber Life Insurance"); Life of Boston Insurance Company ("Life of Boston"); Gerber Products Company ("Gerber Products"); Shirley Grossman ("Grossman"); Larry Schuneman ("Schuneman"); Korri Behler ("Behler"); Alan Stachura ("Stachura"); Nestle Holding, Inc. ("Nestle"), and the Corporation Trust Company ("Corporation Trust").

On May 31, 2016, after Plaintiff had already filed his amended complaint, Lincoln Heritage Life and Richard Maselli filed a motion for a more definite statement, or in the alternative, motion to dismiss Plaintiff's original complaint.   Doc. No. 14.   On June 2, 2016, the Court entered an

order denying as moot Plaintiff's original *in forma pauperis* motion and observing that Plaintiff's amended complaint also rendered my previous R&R moot.   Doc. No. 16.

Plaintiff's amended motion to proceed *in forma pauperis* and his motion for a more definite statement, or in the alternative, motion to dismiss were referred to me by the presiding District Judge for issuance of this R&R, and those matters are now ripe for review.

## II.   ANALYTICAL STANDARD.

A district court has the obligation, at the earliest possible stage in the proceedings, to examine a complaint *sua sponte* to determine whether subject matter jurisdiction may be lacking. *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir. 2006).   Consequently, a district court, when faced with a motion to proceed *in forma pauperis*, should assess the court's subject matter jurisdiction before conducting its frivolity review under 28 U.S.C. § 1915(e)(2)(B)(i).   *See Matic v. Bahri*, No. 3:10-cv-364-J-34TEM, 2010 U.S. Dist. LEXIS 126345, at *5 (M.D. Fla. Nov. 30, 2010); *see also Welch v. Darby*, No. 11-595-WS-C, 2012 U.S. Dist. LEXIS 34213, at *1 & n.1 (S.D. Ala. Feb. 16, 2012), *adopted by* 2012 U.S. Dist. LEXIS 34205 (S.D. Ala. Mar. 14, 2012).   If subject matter jurisdiction exists, the Court must then determine whether the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.   28 U.S.C. § 1915(e)(2).

## III.   DISCUSSION.

### A.   *Subject Matter Jurisdiction.*

In his amended complaint, Plaintiff alleges that the Court may exercise diversity jurisdiction over this matter.   Doc. No. 12, at 6–7.   In pleading such jurisdiction, Plaintiff sufficiently established his own citizenship by alleging that he is domiciled in Florida.   Doc. No. 12, at 2; *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam) ("Citizenship [of a

natural individual] is equivalent to 'domicile' for purposes of diversity jurisdiction."). Plaintiff has also adequately alleged that Grossman is a citizen of Arizona. Doc. No. 12, at 5. However, Plaintiff has not established complete diversity because he has not sufficiently pled the citizenships of Lincoln Heritage Life, Life of Boston, Gerber Life Insurance, Gerber Products, Schuneman, Behler, Stachura, Nestle, or Corporation Trust.

First, Plaintiff alleges that Lincoln Heritage Life "is a foreign profit corporation." Doc. No. 12, at 5. He asserts that the entity is "domiciled at 4343 East Camelback Road Suite 400, Phoenix, AZ 85018." *Id.* at 2. He separately alleges that the entity is "located" at the same address. *Id.* at 7. A corporation, however, is a citizen of (1) every state by which it has been incorporated and (2) of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Plaintiff's allegations do not establish Lincoln Heritage Life's state of incorporation or principal place of business. While the record does separately contain a corporate annual report indicating that Lincoln Heritage Life's principal place of business, at least as of March 5, 2015, was in Arizona, that report fails to indicate the entity's state of incorporation. Doc. No. 1-1, at 4. Accordingly, Plaintiff has failed to adequately establish Lincoln Heritage Life's citizenship.

Second, Plaintiff alleges that Life of Boston "is a foreign profit corporation." Doc. No. 12, at 7. He asserts that the entity is "domiciled at 120 Royall St. #1, Canton, MA 02021."[1] *Id.* at 5. He also alleges that Life of Boston is "located in Springfield[,] Illinois." *Id.* at 7. Again, Plaintiff has failed to allege either the state of incorporation or the principal place of business of Life of Boston, and he has therefore failed to establish the entity's citizenship.

---

[1] Plaintiff refers to "Boston Insurance Company" when providing the foregoing information. Doc. No. 12, at 5. However, because no such entity was named as a Defendant in the styling of the complaint, I construe this allegation as pertaining to Life of Boston.

Third, Plaintiff alleges that Gerber Life Insurance is "domiciled at 1311 Mamaroneck Avenue, White Plains, NY 10605" and that Gerber Products is "is domiciled at 12 Vreeland Rd, Florham Park, NJ 07932." Doc. No. 12, at 2. He also alleges that their "business jurisdiction is located at 445 State Street, Fremont, Michigan 49412," and that they are "headquartered in White Plains, New York." *Id.* at 11. Plaintiff does not indicate whether Gerber Life Insurance and Gerber Products are corporations, limited liability companies, partnerships, or other types of entities. This information is necessary to determine its citizenship because the citizenships of entities are determined differently depending on the entity type. *Compare Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (per curiam) (holding that an unincorporated entity, such as a limited liability company or partnership is a citizen of every state in which each of its members or partners are citizens), *with* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business). Moreover, the above allegations concerning Gerber Life Insurance and Gerber Products are deficient regardless of the entity type. For example, if they are unincorporated entities, Plaintiff was required to allege every state in which their members or partners are citizens. If they are corporations, Plaintiff was obligated to allege their states of incorporation and principal places of business.[2]

---

[2] Even assuming that Gerber Life Insurance and Gerber Products are corporations, Plaintiff's allegations are insufficient because he has not alleged the entities' states of incorporation. Moreover, although Plaintiff alleges that the entities are "headquartered" in New York, that assertion, without more, does not establish their principal places of business. As the Supreme Court noted in *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), a corporation's principal place of business is its "nerve center." Although this will normally be the headquarters, it is not always so. Indeed, the *Hertz* Court indicated that a corporation's headquarters would not be the principal place of business if it was "simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Accordingly, Plaintiff must present additional information to establish that the entities' headquarters are their nerve centers and, therefore, principal places of business.

Fourth, Plaintiff alleges that Nestle "is domiciled at 1209 Orange St., Wilmington, DE 19801" and that Corporation Trust "is domiciled" at the same address.   Doc. No. 12, at 2.   As with the Gerber entities discussed above, Plaintiff has failed to indicate whether Nestle or Corporation Trust are incorporated or unincorporated entities, and his generic allegations concerning their "domicile" are inadequate, regardless of entity type.

Finally, Plaintiff has presented no allegations at all concerning the citizenships of Schuneman, Behler, or Stachura.   If any of those individuals are domiciled in Florida, they would share Plaintiff's citizenship, thereby preventing the exercise of diversity jurisdiction.   *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

For the above reasons, the allegations of Plaintiff's amended complaint do not establish that the Court may properly exercise diversity jurisdiction over the matter.   This case should, therefore, be dismissed for lack of subject matter jurisdiction.

B.      *Leave to Amend.*

Ordinarily, a *pro se* litigant should be given one opportunity to file an amended complaint if it appears that he might be able to state a claim within this Court's subject-matter jurisdiction.   *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in other respects by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).   However, in this case, Plaintiff has already amended his complaint once.   He did so after I issued a Report and Recommendation that detailed both the jurisdictional defects presented in Plaintiff's original complaint and the allegations that must be made to support such jurisdiction.[3]   Doc. No. 8.

---

[3] Plaintiff was also informed of many of the same issues in his prior case, which was dismissed without prejudice for want of subject matter jurisdiction.   *See Potter v. Lincoln Heritage Life Ins. Co.*, No. 6:15-cv-1250-CEM-KRS, 2015 U.S. Dist. LEXIS 141764 (M.D. Fla. Sept. 3, 2015), *adopted by* 2015

Nevertheless, Plaintiff's amended complaint still fails to adequately allege the citizenships of the majority of the named Defendants.   As a result, I recommend that Plaintiff not be given leave to file a second amended complaint.[4]

## IV.    RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1.    **DISMISS without prejudice** Plaintiff's amended complaint (Doc. No. 12);

2.    **TERMINATE** Plaintiff's Amended Motion to Proceed *in Forma Pauperis* Pursuant to 28 U.S.C. § 1915 (Doc. No. 13), Defendants' Joint Motion for More Definite Statement and/or Motion to Dismiss (Doc. No. 14),[5] and any other pending motions; and,

3.    **DIRECT** the Clerk of Court to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 3, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

U.S. Dist. LEXIS 141122 (M.D. Fla. Oct. 16, 2015).

[4]   Potter may not file another amended complaint before the Court rules on this Report and Recommendation.

[5]   I separately note that Defendants' motion, which concerns Plaintiff's original complaint, is moot, given that Plaintiff submitted his amended complaint prior to the filing of that motion.   *See generally Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (observing that an amended complaint supersedes the original complaint).